**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| YISEL PENA CEDENO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )        No. 4:26-cv-00041-TWP-KMB |
| | ) |
| TODD M. LYONS Acting Director, Immigration | ) |
| and Customs Enforcement, in his official | ) |
| capacity;, | ) |
| SAMUEL OLSON Field Office Director, | ) |
| Immigration and Customs Enforcement, Chicago | ) |
| Field Office, in his official capacity, | ) |
| KRISTI NOEM Secretary, U.S. Department of | ) |
| Homeland Security, in her official capacity, | ) |
| PAMELA BONDI U.S. Attorney General, in her | ) |
| official capacity, | ) |
| SCOTT A. MAPLES, JR. Sheriff, Clark County | ) |
| Indiana, in his official capacity, | ) |
| ANTHONY MILLS Warden, Clark County Jail, | ) |
| Clark County Indiana, in his official capacity, | ) |
| | ) |
| Respondents. | ) |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS DENYING REQUEST FOR FEES

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Yisel Pena Cedeno ("Pend Cedeno"), a non-citizen who seeks release from the Clark County Jail, where she has been detained for more than four months at the direction of federal immigration authorities. (Dkt. 1). She also petitions the Court for attorney's fees. *Id*. at 26. The Immigration and Naturalization Act makes Pena Cedeno eligible for release on bond. Therefore, her continued detention without a bond hearing violates federal law. The Petition is **granted** in that respondents must afford her a bond hearing as required by law; and her imbedded request for attorneys' fees is **denied** as presented.

## I.   FACTS

Pena Cedeno entered the United States in 2022. She did not present for inspection at a port of entry. (Dkt. 1-1 at 1; Dkt. 11-1 at 1). Border Patrol agents apprehended Pena Cedeno near Douglas, Arizona. They notified Pena Cedeno that she must appear for a removal proceeding under 8 U.S.C. § 1229a. (Dkt. 1-1). Pena Cedeno was not placed in detention.

On November 16, 2025, Pena Cedeno was arrested following a traffic stop in Kentucky. (Dkt. 11-1 at 2). The following day, U.S. Immigration and Customs Enforcement (ICE) issued a detainer. *Id.* An immigration officer also issued an administrative warrant "command[ing]" that Pena Cedeno be taken into federal custody pursuant to 8 U.S.C. § 1226. (Dkt. 11-2). On November 25, local authorities released Pena Cedeno to ICE. (Dkt. 11-1 at 2). She has been detained at the Clark County Jail since then without a bond hearing. (Dkt. 1 ¶ 6).

## II.   ANALYSIS

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pena Cedeno argues that her continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment. The respondents answer that the INA not only authorizes but requires Pena Cedeno to remain in custody through the conclusion of her removal proceedings. Alternatively, the respondents argue, if Pena Cedeno is entitled to any relief, it must be limited to an administrative bond hearing.

The Court finds that Pena Cedeno's continued detention without possibility of bond violates the INA and entitles her to habeas relief in the form of a bond hearing. On this basis, the Court grants Pena Cedeno's petition in part and denies it in part.

**A.    8 U.S.C. §§ 1226 & 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)

("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.    Pena Cedeno's Detention Is Authorized by § 1226(a)**

The record reflects that Pena Cedeno's detention is authorized by § 1226(a). As discussed further below, this makes her eligible for a bond hearing, and her continued detention without a bond hearing violates the INA.

4

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Pena Cedeno who have lived in the interior of the United States for years. *See Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D. Ind. Dec. 10, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g.*, *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

The respondents cite contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 11 at 8–9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

The Court acknowledges that after this matter was fully briefed, the Eighth Circuit decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

Moreover, the undisputed facts demonstrate that Pena Cedeno's detention must be authorized by § 1226(a) rather than § 1225(b). Pena Cedeno lived in the United States for years, free from detention, with pending removal proceedings under § 1229a. When the government eventually took her into custody, it did so through an administrative warrant citing § 1226(a) as the basis for her arrest and detention. The government's actions and its paperwork reflect that Pena Cedeno's detention is authorized by § 1226(a). It cannot now maintain that she is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

### C.    Scope of Relief

Pena Cedeno is eligible for release on bond under § 1226(a), and she has not received a bond hearing. Her continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Pena Cedeno argues that she is entitled to immediate release from custody. Dkt. 1 at 26; Dkt. 13 at 12 ("Petitioner's detention is wrongful and she must be released; a bond hearing before a biased Immigration Judge is not due process."). Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means

6

to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Pena Cedeno maintains—and the Court agrees—that she is subject to § 1226(a), which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Pena Cedeno's custody is not unlawful because of the very fact that she is detained. Rather, her custody is unlawful because she has not received the bond hearing that the law requires.

**D.      Remaining Claims**

Because the Court has found that Pena Cedeno's detention violates the INA, it does not reach her argument that her detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

## III.   CONCLUSION

The Petition for Writ of Habeas Corpus, Dkt. [1] is **GRANTED in part and DENIED in part.** It is granted insofar as the Respondents will have **seven days** from the date of this Order to certify that Pena Cedeno has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The Petitioner's request for attorney's fees and costs, Dkt. [1 at 26], is **DENIED as presented**. Such request must be raised by separate motion. Fed. R. Civ. P. 54(d); S.D. Ind. L.R. 54-1.

The **clerk is directed** to enter final judgment in a separate Order.

**IT IS SO ORDERED.**

Date: 3/30/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Downey
Andrew G. Downey/Andy Downey Legal
andy@downey.legal

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov